IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**FRANK MAZZELLA,** :
          **Plaintiff,** :
           :
v. : 3:12-CV-1777
 : (JUDGE MARIANI)
**CAROLYN W. COLVIN,** :
 :
          **Defendant.** :

FILED
SCRANTON
DEC -8 2014
PER _____
DEPUTY CLERK

## ORDER

Presently before the Court are Magistrate Judge Cohn's Report and Recommendation ("R&R") (Doc. 19) and Plaintiff Frank Mazzella's Objections thereto. (Doc. 21). Magistrate Judge Cohn recommends that this Court deny Plaintiff's appeal, pursuant to 42 U.S.C. § 405(g), of the Social Security Commissioner's denial of his application for social security disability insurance benefits. (R&R at 18). The Administrative Law Judge ("ALJ") determined that Mazzella retained the residual functional capacity to perform light work. (Tr. 39). Plaintiff asserts, "[N]o physician's opinion supports the ALJ's conclusion that Plaintiff can perform fulltime light work, and Plaintiff's treating physician has affirmatively opined that he cannot." (Pl.'s Obj. at 7). Because it appears that the ALJ's residual functional capacity determination is based solely on the ALJ's lay opinion, rather than medical evidence, the decision of the Commissioner is not supported by substantial evidence.

A residual functional capacity assessment must be based on a consideration of all the evidence in the record, including the testimony of the claimant regarding his activities of

daily living, medical records, lay evidence and evidence of pain. See *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 121-22 (3d Cir. 2000). Rarely can a decision be made regarding a claimant's residual functional capacity without an assessment from a physician regarding the functional abilities of the claimant. See *Doak v. Heckler*, 790 F.2d 26, 29 (3d Cir. 1986) ("No physician suggested that the activity [the claimant] could perform was consistent with the definition of light work set forth in the regulations, and therefore the ALJ's conclusion that he could is not supported by substantial evidence."); 20 C.F.R. § 404.1545(a). "Federal courts have repeatedly held that an ALJ cannot speculate as to a Plaintiff's RFC; medical evidence speaking to a claimant's functional capabilities that supports the ALJ's conclusion must be invoked." *Biller v. Acting Comm'r of Soc. Sec.*, 962 F. Supp. 2d 761, 779 (W.D. Pa. 2013) (citations omitted); see also *Gormont v. Astrue*, 2013 WL 791455, at *8 (M.D. Pa. 2013) (collecting cases).

Here, the only medical opinion the ALJ discussed in making his residual functional capacity determination was that of Dr. Varano, Mazzella's treating physician. (Tr. 39). The ALJ afforded Dr. Varano's opinion "little weight" and rejected his determination that Mazzella was disabled. (*Id.*). The ALJ was within his statutory authority in according little weight to Dr. Varano's opinion. See *Brown v. Astrue*, 649 F.3d 193, 196-97 (3d Cir. 2011). However, the ALJ was still obligated to base his residual functional capacity determination on some medical evidence in the record.

A review of the ALJ's decision leaves the Court with serious reservations that he did so. Instead, it appears that the ALJ's conclusion that Plaintiff "could perform work at the light exertional level" follows from his rejection of Dr. Varano's opinion. The ALJ stated:

> The Administrative Law Judge has considered Dr. Varano's opinion regarding the claimant's residual functional capacity. Dr. Varano indicates the claimant is "disabled". This is an opinion on an issue that is reserved to the Commissioner and, thus, the opinion of the treating physician is never entitled to controlling weight or special significance. The Administrative Law Judge has also evaluated Dr. Varano's assessment and determined that is it [sic] inconsistent with and not supported by the medical evidence of record. Therefore, the undersigned concludes that Dr. Varano's assessment is given little weight. (20 CFR 404.1527 (c); SSR 96-5p).
>
> Accordingly, the undersigned finds the claimant retains the following residual functional capacity to perform work at the light exertional level.

(Tr. 39).

In reviewing the ALJ's residual functional capacity assessment, Magistrate Judge Cohn's R&R refers to Drs. John Steele's and Edmond Poplarski's medical assessments. (R&R at 14). However, Dr. Steele did not opine as to Plaintiff's ability to work (Tr. 123-26), and the ALJ did not mention Dr. Poplarski's opinion in making his residual functional capacity assessment. (Tr. 31).[1]

---

[1] The Court may not "conduct its own independent analysis" of Mazzella's residual functional capacity based on Dr. Poplarski's assessment. See Kitchen v. Astrue, 2012 WL 375250, at *3 (M.D. Pa. 2012) ("[T]he Third Circuit Court of Appeals [has] stated that the District Court should not conduct its own independent analysis when the ALJ fails to mention certain evidence and fails to consider all relevant and probative evidence.") (citing Fargnoli v. Massanari, 247 F.3d 34, 44 n.7 (3d Cir. 2001) ("The District Court, apparently recognizing the ALJ's failure to consider all of the relevant and probative evidence, attempted to rectify this error by relying on medical records found in its own independent analysis, and which were not mentioned by the ALJ. This runs counter to the teaching of SEC v. Chenery Corporation, 318 U.S. 80, 63 S. Ct. 454, 87 L. Ed. 626 (1943), that '[t]he grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based.'")).

As a result, the present matter is similar to *Doak*, 790 F.2d 26. In *Doak*, one physician opined that the claimant was able to do sedentary work, another opined that he was totally disabled, and a third physician rendered no opinion about the claimant's ability to work. *Id.* at 29. The ALJ determined that the claimant could perform light work. *Id.* In reversing the ALJ's decision, the Third Circuit concluded that because no physician suggested that the claimant could perform light work, "the ALJ's conclusion that he could is not supported by substantial evidence." *Id.*

Here, Dr. Varano, Plaintiff's treating physician, determined that Plaintiff was totally disabled (Tr. 185-189), and Dr. Steele made no conclusion about his ability to work. (Tr. 39, 123-26). Thus, no physician, discussed by the ALJ, "suggested that the activity [Mazzella] could perform was consistent with the definition of light work set forth in the regulations, and therefore the ALJ's conclusion that he could is not supported by substantial evidence." See *Doak*, 790 F.2d at 29. Because the ALJ rejected the only assessment of Plaintiff's residual functional capacity that he discussed, the opinion of Dr. Varano; on remand, the Commissioner should appropriately evaluate Mazzella's residual functional capacity in light of the medical evidence in the administrative record. If necessary, the Commissioner should elicit additional medical opinion regarding Mazzella's residual functional capacity.[2]

---

[2] Plaintiff also objects to Magistrate Judge Cohn's R&R on the grounds that the ALJ allegedly erred in failing: (1) to afford Dr. Varano's opinion the "greatest weight" and (2) to "find Plaintiff's right eye blindness severe, and . . . to consider it when assessing his residual functional capacity." (Pl.'s Obj. at 2-11). Because the ALJ's residual functional capacity determination is not supported by substantial evidence, the Court does not reach the merits of these additional objections.

4

**AND NOW, THIS 5th DAY OF DECEMBER 2014**, upon *de novo* review of Magistrate Judge Cohn's R&R (Doc. 19), Plaintiff's "Motion for Extension of Time to File Objections" (Doc. 20), Plaintiff's Objections (Doc. 21), Defendant's Response (Doc. 22), and all other supporting documentation, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff's "Motion for Extension of Time to File Objections" (Doc. 20) is **GRANTED** *nunc pro tunc*.

2. Plaintiff's Objections (Doc. 21) are **SUSTAINED IN PART**, as discussed above.

3. Magistrate Judge Cohn's R&R (Doc. 19) is **REJECTED IN PART**, as discussed above.

4. The Clerk of Court shall enter judgment in favor of Frank Mazzella and against the Commissioner of Social Security as set forth in the following paragraph.

5. The decision of the Commissioner of Social Security denying Frank Mazzella social security disability insurance benefits is **VACATED**, and the case is **REMANDED** to the Commissioner of Social Security to:

    a. Appropriately evaluate Mazzella's residual functional capacity in light of the medical evidence in the administrative record;

    b. Elicit additional medical opinion, if necessary, regarding Mazzella's residual functional capacity; and,

   c. Reach a determination as to whether Mazzella's vision impairment constitutes a severe impairment or affects his residual functional capacity.

6. The Clerk of Court is directed to **CLOSE** this case.

Robert D. Mariani
United States District Judge